George Oram and Eliza Oram, Appellees, v. Daniel Peterkin, Receiver of Joliet & Southern Traction Company, Appellant.

Gen. No. 6,041.

1. STREET RAILROADS, § 133*—*when negligence to run interurban car without headlight.* Whether it was negligence to run an interurban electric car at night without the ordinary or usual headlight, *held*, under the circumstances, to be a question for the jury.

2. STREET RAILROADS, § 131*—*sufficiency of evidence of negligence in running interurban car at night.* The evidence in an action against an electric interurban railway company for injuries sustained in the nighttime by the occupants of a carriage in a collision with a car, *held* sufficient to warrant a finding of the negligence of the defendant in operating the car without a headlight, and in not giving warning of the approach of the car.

3. STREET RAILROADS, § 131*—*sufficiency of evidence of due care of person injured in collision with car.* The evidence in an action

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

against an electric interurban railway company for injuries sustained by the occupants of a carriage in a collision with the car in the nighttime, *held* sufficient to warrant a finding that they exercised due care.

4. DAMAGES, § 115*—*when damages for injuries to person and property not excessive.* A verdict in favor of a man seventy-four years of age, for injuries sustained in a collision in the nighttime between a carriage in which he and his wife were riding and an electric interurban car, based on injuries to his person, his carriage, his horses and the loss of the services of his wife, *held* not excessive.

5. DAMAGES, § 115*—*when damages for personal injury to woman not excessive.* A verdict in favor of a woman sixty-four years of age for injuries received in a collision between a carriage in which she was riding and an electric interurban car, *held* not excessive.

DIBELL, J., took no part in this decision.

Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 6, 1915. Rehearing denied April 7, 1915.

GARNSEY, WOOD & LENNON, for appellant.

S. J. DREW, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Appellant is the receiver of a traction company operating an interurban line east from Joliet, Illinois. Appellees, George Oram and Eliza Oram, husband and wife, were driving upon a public highway with a horse and buggy about midnight March 8, 1913, and were struck by a car of the traction company approaching from the rear, tearing off both wheels on one side of the buggy, throwing the horse into the ditch and Oram and his wife on the ground. Three suits were begun to recover damages for injuries so sustained— one by George Oram for injuries to himself and the horse and buggy, one by Eliza Oram for injuries to

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

herself, and one by George Oram for loss of services of his wife. A declaration was filed in each case charging negligence of the defendant, practically the same in each declaration, and a plea of the general issue was filed in each case. Then the cases were by agreement tried together, with three separate verdicts and judgments, which were in the first case, for injuries to George Oram and the horse and buggy, $1,750, of which two or three hundred dollars should be taken as the amount allowed for damages to the horse and buggy; in the second case, for injury to Eliza Oram, $1,750; and in the third case, for loss of services of the wife, $750. Appeals were perfected in each case, but it is brought here and argued as one record, and in discussing the questions involved will be so treated in this opinion.

No complaint is made of any action of the court except in refusing a peremptory instruction to find for the defendant, overruling the motion for a new trial and entering judgment on the verdict. Therefore the only question is whether the verdict is supported by the evidence.

The charge in the declaration, of negligence of the defendant, is that it was running the car on a public highway without a headlight at a high rate of speed and in a careless and negligent manner. The evidence showed without contradiction that the headlight was out of order and two lanterns were substituted, one and perhaps both of them burning. There is a conflict of evidence as to the speed, but the jury were warranted in finding it fifteen or twenty miles an hour. There is a dispute as to the sounding of bell or whistle, but the jury might well conclude there was no signal long enough before the car struck the buggy to be of any service to appellees as a warning of the approach of the car. There is no question but the car was running on the north side of a public highway and the road was graded so that teams could be driven on the space

occupied by the car tracks. That part of the sixty-six foot highway north of the tracks was not used for travel, and there was a ditch ten or twelve feet south of the track along the highway. It appears that Mrs. Oram thought she heard the car approaching and so told her husband. He was familiar with the location and the operation of cars there, and told her no, if there was one they would see the headlight; and immediately thereafter the collision occurred. There seems no question but appellees were proceeding along the highway there in the usual manner of people driving under such circumstances.

It is very clear that under these facts a court could not direct a verdict, either on the ground of no negligence of defendant or lack of evidence showing due care of the plaintiff. If we admit appellant's claim that it was not negligence *per se* to run without the ordinary and usual headlight, still it was a question for the jury whether it was in fact negligence under the circumstances to run at that time, place and manner without the usual signals and warnings that travelers would naturally look for in using, with appellant, the public highway, and without a light that would enable the motorman to see objects ahead of him. And that appellees did not notice the car and get out of its way was very likely regarded by the jury as what might well occur to prudent people exercising usual care under such conditions. We are of the opinion the evidence was sufficient to, at least, so far warrant the findings of negligence of the defendant and due care of the plaintiff as to forbid a court's disturbing that finding.

But it is urged that each verdict is excessive. It appears that George Oram was at the time of the injury seventy-four years old and his wife about ten years younger; that they had a little farm that they cared for mostly by their own labor, and found some time to work for others, he with his horse, and she

doing washing and cleaning. It is quite clear that they were sturdy old working people in good physical condition for their age, though she had rheumatic pains at times before the accident, and some of her subsequent disability may be attributable to them and not to the injury. She was severely hurt, was carried to a hospital and kept there eight weeks, and suffered much pain; the doctor's. bill was $265; and while she was at the time of the trial able to do ·housework, as that kind of women under many infirmities are, the jury had ample evidence to support a conclusion that she was practically and permanently incapacitated from performing the labor to which she was accustomed. George Oram was not so badly injured, but was sufficiently hurt to be taken to the hospital and remain there about ten days, suffering considerable pain, and he testified, and it is probably true, that ever since the injury he was unable to do any considerable amount of work. The horse was worth perhaps $200, and was killed because of the injury, soon thereafter; the injury to the buggy was about $30. There is conflict in the evidence as to these items. There are so many elements entering into the problem of damages, and so much is left to the judgment of the jury in this class of cases, we cannot say the first verdict for George Oram is excessive. We are of the opinion that the second verdict, for loss of services of his wife, is reasonable; and that the verdict for Eliza Oram, for her own injury, is well supported by the proofs.

Therefore the judgment in each case is affirmed.

*Affirmed.*

MR. JUSTICE DIBELL took no part in ·this decision.